Rebecca F. Ward, LCSW Chair, Social Work Licensing Board 2020 W. Third, Suite 503 P.O. Box 250381 Little Rock, AR 72225
Dear Ms. Ward:
You have requested an Attorney General opinion concerning the interpretation of the phrase "representing oneself to be a social worker," within the meaning of A.C.A. § 17-103-105(1), which is part of the Social Work Licensing Act.
You have asked:
(1) Is a person who is a member of the Arkansas Chapter of the National Association of Social Workers (NASW) and who is not licensed by the Social Work Licensing Board "representing oneself to be a social worker" in violation of A.C.A. § 17-103-105(1)?
(2) Is a person who is a member of the Arkansas Chapter of the NASW and who is also a member of the board of directors of that chapter of the NASW and who is not licensed by the Social Work Licensing Board "representing oneself to be a social worker" in violation of A.C.A. § 17-103-105(1)?
RESPONSE
Question 1 — Is a person who is a member of the Arkansas Chapter of theNational Association of Social Workers (NASW) and who is not licensed bythe Social Work Licensing Board "representing oneself to be a socialworker" in violation of A.C.A. § 17-103-105(1)?
It is my opinion that a person who is a member of the NASW and who is not licensed by the Social Work Licensing Board is not, simply by virtue of his or her membership in the NASW, "representing oneself to be a social worker," in violation of A.C.A. § 17-103-105.
The phrase "representing oneself to be a social worker," as used in A.C.A. § 17-103-105, is not defined in the Social Work Licensing Act, nor has the Arkansas Supreme Court interpreted the phrase. Likewise, the term "social worker" has not been statutorily defined or judicially interpreted. However, the Act appears to contemplate that the term "social worker" refers to a licensed social worker, see A.C.A. §17-103-105, and it is my understanding that the Social Work Licensing Board interprets the term in this way. Accordingly, the board interprets the phrase "representing oneself to be a social worker," to mean "representing oneself to be a licensed social worker."
Under the board's interpretation of the phrase, a person who "represent[s] himself to be a social worker" in violation of A.C.A. §17-103-105, would have to behave in a manner that would give others a reasonable basis for believing that he is a licensed social worker. In order to determine whether membership in the NASW constitutes such behavior, it would be necessary to investigate what the NASW is, and whether it holds itself out to be an organization comprised solely oflicensed social workers. Such an investigation can be conducted by reviewing the organizational documents of the NASW. Although I am not in a position to render a full legal interpretation of the NASW's organizational documents, I am in a position to determine whether, in a common-usage sense, these documents represent the NASW to the public as being an organization comprised solely of licensed social workers. It is my opinion that the organizational documents of the NASW do not indicate that the NASW intends to hold itself out to the public as an organization comprised solely of licensed social workers.
I base this conclusion on various factors. The most important of these is the fact that, as described in the NASW's Bylaws, in its membership application, and in its brochure soliciting membership, membership does not require state licensure, and in some cases, does not even require that the member be engaged in the practice of social work. Membership is open (on various levels) to people who would not be expected to be licensed, to be maintaining a license, or to be engaged in the practice of social work, such as students, retired social workers, and unemployed social workers. I note that the NASW's Bylaws, which describe in detail the requirements for the various levels of membership, do not even explicitly state a requirement that "regular" members be engaged in the practice of social work. Rather, eligibility for membership seems to focus more on academic degrees than on practice or licensure. The NASW membership application form likewise does not mention state licensure, and the NASW's brochure soliciting membership does not describe membership as requiring state licensure; indeed, it mentions state licensure only in passing. The NASW clearly does not represent itself to the public, through its bylaws or its membership solicitation documents, as making membership contingent upon having state licensure or upon being engaged in the practice of social work.[1]
If the public were attempting to determine whether a person was representing himself to be a licensed social worker by virtue of his membership in the NASW, it could reasonably conclude that the person was not so representing himself. The public could reasonably believe that the person in question was a student member, a retired member, or an unemployed member, none of whom must be licensed or currently engaged in the practice of social work.
I understand that it is the position of the board that because the NASW is an organization of "social workers,"[2] one who joins the NASW can reasonably be construed as representing himself to be a social worker, in that he has joined an organization of what the organization itself calls "social workers." I believe that this interpretation is incorrect. The board's error is that it is applying its own definition of "social worker" to a context in which it does not have the authority to define the term. It is clear from NASW's organizational documents, discussed previously, that in using the term "social worker," NASW does not mean "licensed social worker." Therefore, when NASW calls itself an organization of social workers, it does not mean that it is an organization made up solely of licensed social workers. The NASW's usage of the term "social worker" is clearly not restricted to persons who are licensed. This is evidenced by the fact that the NASW both calls itself an organization of "social workers" and allows in its membership persons who are not licensed social workers. I note that the NASW is a private organization, and as such, is entitled not only to proscribe its membership as it chooses, but also to define the terminology that it uses as it chooses. The board's conclusion that membership in the NASW constitutes a violation of A.C.A. § 17-103-105 requires the application of a different definition of the term "social worker" to the NASW than was apparently intended by the NASW. When the public is discerning what the NASW is and what membership in the organization means, it must employ the NASW's terminology.
I note that the issue you have raised arises in part out of the fact that the Social Work Licensing Act does not explicitly define the term "social worker" or the phrase "representing oneself to be a social worker." Explicit statutory definitions would help to avoid the type of problem you have pointed out. This is a matter that the legislature can address.
Finally, I reiterate that the foregoing discussion is limited to the question of whether membership in the NASW, alone, constitutes "representing oneself to be a social worker." You have not provided any facts as to other representations the individual in question may have made. The question of whether a person is representing himself to be a social worker within the meaning of A.C.A. § 17-103-105 is ultimately a question of fact. I have opined herein only that membership in the NASW does not, alone, constitute "representing oneself to be a social worker" within the meaning of A.C.A. § 17-103-105.
Question 2 — Is a person who is a member of the Arkansas Chapter of theNASW and who is also a member of the board of directors of that chapterof the NASW and who is not licensed by the Social Work Licensing Board"representing oneself to be a social worker" in violation of A.C.A. §17-103-105(1)?
It is my opinion, for the reasons stated in response to Question 1, that an unlicensed member of the Arkansas Chapter of the NASW who serves on the board of that chapter is not, by virtue of serving on the board, "representing [himself] to be a social worker" in violation of A.C.A. §17-103-105(1).
The NASW's national bylaws require only that each chapter's board members be elected from the membership of the chapter. Because membership in the chapter does not require licensure, it follows that board membership does not require licensure.
I reiterate that the NASW is a private organization that is free to determine whether licensure is a condition to membership. The NASW has clearly determined that licensure is not a condition to general membership, or to service on a chapter's board of directors. In determining whether board membership constitutes holding oneself out to the public to be a licensed social worker, it is necessary to determine whether the NASW requires licensure to be a board member. Because the NASW does not do so, it cannot reasonably be concluded that board membership constitutes holding oneself out to the public as being a licensed social worker. The Arkansas Social Work Licensing Board simply does not have the jurisdiction to determine the membership or board membership requirements for a private organization.
The board can, nevertheless, impact the problem in question by pressing for more explicitly defined terms in the Social Work Licensing Act.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] In this regard, I note that it is not unreasonable for a person who is not a licensed social worker and who is not engaged in the practice of social work to have an interest in being a member of the NASW. Membership of this nature occurs regularly in other professional organizations. For example, the American Bar Association does not require that its members be licensed, practicing lawyers. Unlicensed, non-practicing lawyers may be members in the ABA simply because they are interested in legal matters for other reasons. Their membership in the ABA clearly does not constitute a representation to the public that they are licensed, practicing lawyers, even though the ABA is without doubt an organization of lawyers.
[2] The NASW's opening web page describes the organization as "the largest membership organization of professional social workers in the world."